IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **ALVIN GAMAR STANLEY,** | : | |
| | : | |
| Plaintiff, | : | Case No. 5:22-CV-00413-CAR-CHW |
| | : | |
| v. | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Commissioner **TIMOTHY WARD**, *et al.*, | : | Before the U. S. Magistrate Judge |
| | : | |
| Defendants. | : | |

## ORDER

Pending before the Court are Plaintiff's Motion for Emergency Assistance (Doc. 30), Motion for Defendant Siska to File an Answer (Doc. 32), and Motion to Appoint Counsel. (Doc. 34). Plaintiff has also filed two of these motions (Docs. 30, 34) in his other pending cases.[1] For the reasons explained below, the motions are **DENIED**.

1. *Motion for Emergency Assistance*

Plaintiff's motion for emergency assistance (Doc. 30) focuses primarily upon the procedural history of another pending case, *Stanley v. Whittington*, 5:22-cv-239-TES-CHW. He cites concerns that his cases keep getting dismissed without his knowledge, that he did not know that the case was in discovery, and that the histories of his cases were mysteries until he received copies of the docket sheets. He seeks the Court's intervention to help him navigate his cases through what he describes as a campaign from prison officials to thwart the prosecution of this case.

Plaintiff asserts that he did not know his cases were dismissed. To which of his pending

---

[1] Plaintiff has three pending matters that are in different procedural postures. The instant case is in the post-screening stage with a recommendation pending. *Stanley v. Whittington*, 5:22-cv-239-TES-CHW is in the discovery stage. The third case, *Stanley v. Ward*, 5:23-cv-112-MTT-MSH, is in the screening process.

1

cases this assertion relates is unclear. To the extent Plaintiff refers to this case, the docket belies his argument because no claims, at this point, have technically been dismissed, and Plaintiff has submitted filings since the recommendation was entered. Plaintiff filed his original complaint and a recast complaint (Docs. 1, 21). The recast complaint was screened, and Plaintiff's claims against Defendant Siska were allowed to move forward for factual development, while it was recommended that any remaining claims be dismissed. (Doc. 25). That recommendation remains pending, and no claims against any Defendant have yet been dismissed. After submitting the present motion, Plaintiff filed an objection to the recommendation, again indicating that Plaintiff understood that his case had been reviewed and that he could object to the recommendation. (Doc. 31). Plaintiff has also filed a motion concerning Defendant Siska, which is discussed below, further demonstrating that Plaintiff received the recommendation in his case and understands that at least one claim remains and that his case has not been dismissed.

The docket shows that Plaintiff has received the orders from the Court and has had an opportunity to respond to them. Although it is unclear what relief Plaintiff's motion seeks in this case, it does not appear that any intervention by the Court is warranted. Therefore, Plaintiff's motion for emergency assistance (Doc. 30) is **DENIED**.

2. *Motion for Defendant Siska to File an Answer*

Plaintiff filed a motion asking that the Court make Defendant Siska file an answer so that discovery may begin. (Doc. 32). Defendant Siska was mailed service paperwork on May 23, 2023. (Doc. 29). Defendant Siska has not yet waived service or been served with process such that an answer would be due. After Defendant Siska waives service or is personally served, the Federal Rules of Civil Procedure describe the time frame for him to respond. At this time there is no basis to order Defendant Siska to respond to Plaintiff's complaint. Plaintiff's motion for Defendant Siska

to Answer (Doc. 32) is **DENIED**.

    3. *Motion for Appointment of Counsel*

Plaintiff previously requested appointment of counsel, which was denied. (Docs. 8, 10, 23, 25). Plaintiff filed for appointment of counsel wherein he raises concerns that he did not know that Defendants "were represented by lawyers for the discovery process" in another pending case until receiving a copy of the docket sheet. (Doc. 34). It is unclear whether Plaintiff intended this motion to be filed in this case. Nonetheless, there is no basis to change the Court's previous decisions denying appointed counsel. For the reasons explained in the Court's previous orders (Docs. 10, 25), Plaintiff's motion for appointment of counsel (Doc. 34) is **DENIED**.

Plaintiff is reminded that should it become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **<u>on its own motion</u>**, will consider assistance him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

**SO ORDERED**, this 23rd day of June, 2023.

                                              s/ Charles H. Weigle
                                              Charles H. Weigle
                                              United States Magistrate Judge